McKinney, J.
delivered the opinion of the court.
The defendants were sued in this action as partners, for the price of certain books alleged to have been sold and delivered to them as such, by the plaintiff.
The point in controversy in the court below was, whether the existence of such relation was sufficiently established by the evidence, to entitle the plaintiff to recover. The error assigned is in the charge to the court. The jury were instructed, “That to entitle the plaintiff to recover, he must have shown by the proof, that the defendants were partners as alleged in the declaration. The allegation being in the declaration that they were partners, it must be shown by the proof that they were so before the plaintiff can recover. Acts or declarations of Carter & Yergin which show, that they were engaged in a business in which they were to share the profits and the losses, would make them partners.”
The exception taken to this charge, and, we think, well taken, is, that it does not discriminate between the evidences *272 required to establish the fact of partnership, in a case where partners sue as plaintiffs, upon a contract made by them as such; and a case where they are sued as defendants, upon such contract; or rather, that the rule, as to the measure of proof, applicable to the former case, has been misapplied to the latter.
Parties having no community of interest in the property, or in the profits or losses of a business, and who, in reality are not partners, as between themselves, may nevertheless subject themselves to be sued and charged as partners, in favor of a third person, if from their conduct, representations, or course of dealing, they have held themselves out to such third person as partners, and thereby induced him to give credit to them accordingly.
And even in cases where a partnership in fact exists, as between the parties themselves, less evidence, and less strictness of proof, is requisite, in an action against partners, to establish the partnership, than is required where they sue as plaintiffs. The reason given in the books for this distinction is, that where partners sue as plaintiffs, they are conversant of all the means whereby the fact of partnership is capable of being proved. But where they are sued as defendants, the facts being less known to the plaintiff, he may not be able to ascertain the real connection between the parties; and it is sufficient for him, therefore, to show that they have acted as partners, and that by their habit and course of dealing, conduct and declarations, they have induced those with whom they have dealt to consider them as partners. 2 Stark, Ev. 585, 586. 2 Greenleaf’s Ev. sec. 483.
It results from the principle here laid down, that the charge of the circuit judge is erroneous; and the judgment must therefore be reversed.